# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MARION DOYLE and MICHAEL DOYLE | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) Case No. 2:14-cv-259-JDL |
| FALMOUTH POLICE DEPARTMENT, et al., | )<br>)<br>) |
| Defendants | ) |

## ORDER ON PLAINTIFFS' MOTION TO STAY

### I. INTRODUCTION

Plaintiffs Michael and Marion Doyle (collectively, "the Doyles") have sued the Falmouth Police Department, the Town of Falmouth, and two Falmouth Police officials, Officer Robert Ryder and Lieutenant John Kilbride, alleging various constitutional violations under 42 U.S.C.A. § 1983 (2014). In a document styled "Part I of Opposition to Defendant's Motion to Dismiss" (ECF No. 19), they request that this action be stayed pending the resolution of an unrelated matter in state court involving plaintiff Michael Doyle and counsel from defendants' law firm, Thompson & Bowie. *Id.* at 1. For the reasons discussed below, I deny the motion as to plaintiff Michael Doyle.[1]

---

[1] According to a submission from Michael Doyle, Marion Doyle passed away on January 12, 2015. ECF No. 27. Her death was noted on the record at a hearing on January 21. Because substitution of Marion as a party pursuant to Federal Rule of Civil Procedure 25 has not been effected, I decline to act on defendants' motion as it relates to her.

## II. FACTUAL BACKGROUND

Michael Doyle is also a plaintiff in an action filed in the Cumberland County Superior Court against the Town of Scarborough, in which Scarborough is represented by attorney Mark Franco. ECF No. 19-1 at 1; ECF No. 21 at 3. Mark Franco is a partner at Thompson & Bowie. Edward R. Benjamin, Jr., counsel for the Town of Falmouth in this matter, was formerly a partner at Thompson & Bowie, but has recently joined the Drummond Woodson law firm. Michael believes that he was threatened by Franco during the course of the lawsuit against the Town of Scarborough. ECF No. 19-1 at 1. Accordingly, he filed a motion for sanctions against Franco. *Id.* One of the requested remedies in that motion is that Franco and Thompson & Bowie "be barred from . . . continuing to represent any current defendant or plaintiff on any case pending before any court in the State of Maine that has Michael Doyle as a Plaintiff or Defendant." *Id.* at 4. Because this remedy, if granted, could arguably affect attorney Benjamin's representation of the Town of Falmouth in this matter, the Doyles move to stay this action until the Superior Court issues its decision on the motion for sanctions. ECF No. 19 at 1.

## III. DISCUSSION

"Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Good v. Altria Group, Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). My application of these factors in this case is influenced by the remedy Michael hopes to receive in the Superior Court—the

disqualification of every attorney associated with Thompson & Bowie, the law firm of the individual attorney against whom Michael seeks sanctions. Such a remedy is extreme and, even if granted for purposes of the Superior Court action, it would be unusual for a court to direct that its sanction applies to unrelated cases pending in other courts.

Against this backdrop, I conclude, first, that a stay would prejudice the defendants in this case by denying them of the timely resolution of their motion to dismiss. Second, the Doyles have not identified what prejudice they will suffer in this case if a stay is denied, nor is any such prejudice otherwise evident. This is especially true because attorney Benjamin is no longer associated with the Thompson & Bowie law firm. Finally, judicial economy favors the timely resolution of this case.

## IV. CONCLUSION

For the foregoing reasons, plaintiff Michael Doyle's motion to stay is **DENIED**.

**SO ORDERED.**

/s/ Jon D. Levy
**United States District Judge**

Dated this 4th day of February, 2015.